IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOHYNE DUPLESSIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-234-BR |
| | § | |
| HARPREET SINGH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is a Motion to Strike affidavits submitted pursuant to § 18.001 of the

Texas Civil Practice and Remedies Code filed by all Defendants in this action.[1]  (ECF 52). Having

considered the Motion, the response filed by Plaintiff Lohyne Duplessis ("Plaintiff"), (ECF 70),

the relevant law, and for the reasons stated below, the Motion is DENIED.

However, the matter raised in the Motion represents a significant and ongoing area of

dispute among litigants and the federal district courts in Texas. Well-reasoned and considered

opinions can be found on both sides, but due to the character of the litigation in which the question

arises, the Fifth Circuit has not had the occasion to opine on it. Therefore, the Court will add its

voice to that of others calling for appellate determination of whether § 18.001 applies in federal

court. *Schmidt v. Blue Monster Transport, Inc.*, 606 F. Supp. 3d 424, 427 (N.D. Tex. 2022)

(Hendrix, J.). Federal courts should provide parties with consistency and predictability as to §

18.001 affidavits. However, as will be discussed below, practices vary between districts and even

---

[1] While it is not determinative of this decision, no affidavits have been filed on the docket or are before the Court; instead, the Court reaches this decision at the instigation of Defendants. The Court presumes, without knowing, that Plaintiff has served such affidavits on Defendants, who now seek a determination on whether the Court will allow the affidavits in this matter.

between judges in the same courthouse. There is a pronounced need for the Fifth Circuit to bring clarity to this issue. Accordingly, the Court finds the Motion presents a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and Defendants are invited to seek interlocutory review of this Memorandum Opinion and Order pursuant to 28 U.S.C. § 1292(b) **within 10 days**, as required by statute.

## I.    BACKGROUND[2]

In cases involving an injury to a plaintiff, Texas law contemplates recovery for past medical expenses where those expenses are proven to be reasonable and necessary. However, because litigation of that topic would often degenerate into a parade of expensive expert witnesses, the Texas state legislature enacted a provision allowing for a pathway to reduced costs and faster trials. That provision is § 18.001 of the Texas Civil Practice and Remedies Code. As Judge Truncale of the Eastern District of Texas explained, it works as follows:

> In a state case, a plaintiff submits affidavits attesting to the reasonableness and necessity of past medical expenses. A defendant may then respond with controverting affidavits. If the defendant successfully controverts the plaintiff's affidavits, neither set of affidavits are admissible at trial. Instead, both parties must establish or counter the reasonableness and necessity of the plaintiff's expenses the traditional and more expensive way, by using expert testimony. If the defendant fails to controvert the plaintiff's affidavits their two roads diverge: the plaintiff takes the Affidavit Bypass, while the defendant is stuck paying steep fees on the Expert Tollway.

---

[2] The Court will address the legal background of the Motion rather than the factual background of this case because the matter presented for consideration is purely legal.

*Delarosa v. Great Neck Saw Manufacturers, Inc.*, 565 F. Supp. 3d 832, 837 (E.D. Tex. 2021) (citations omitted).

Whether that same process can be used in federal court has been hotly debated by Texas federal district courts for nearly two decades. At bottom, is the question of whether § 18.001 is substantive or procedural. If substantive, federal courts are bound to apply it. However, if the rule is procedural, they are not. Judge Sanderson of the Northern District of Texas was the first to consider the question in 2006. Because the Texas Supreme Court had not yet weighed in on the issue, Judge Sanderson, guided by Fifth Circuit and Supreme Court principles, made an *Erie* guess. *Rahimi v. United States*, 474 F. Supp. 2d 825 (N.D. Tex. 2005). As Judge Truncale relayed:

> [Judge Sanderson characterized] § 18.001 as an evidentiary rule, reasoning that it allowed a plaintiff to establish prima facie proof of damages sustained. He contended that characterizing § 18.001 as procedural would deprive the plaintiff of the means to avoid the significantly more expensive and time-consuming alternatives to proving damages which would otherwise be available in state court. So, he concluded, § 18.001 is so bound up or intertwined with a litigant's substantive rights that under *Erie*, it would be inequitable not to apply it in federal court.

*Delarosa*, 565 F. Supp. 3d at 838 (citing *Rahimi*, 474 F. Supp. 2d at 828–29) (other citations and quotations omitted).

Five years after Judge Sanderson's decision, the Texas Supreme Court provided some clarity on the substantive versus procedural debate. In an oft-quoted phrase, the court characterized § 18.001 as "purely procedural" and intended to streamline proving reasonable and necessary medical expenses. *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011). The court then reaffirmed its "purely procedural" characterization seven years later. *Gunn v. McCoy*, 554 S.W.3d 646, 672 (Tex. 2018). However, the court adjusted course slightly when it issued its decision in *In*

*re Allstate Indem. Co.* 622 S.W.3d 870 (Tex. 2021). Again, the Court turns to Judge Truncale as narrator:

> [The Texas Supreme Court] found that § 18.001 did not suggest "that an uncontroverted affidavit may be conclusive on reasonableness and necessity." But at the same time, it emphasized substantive aspects of the § 18.001 process.
>
> The dispute in *Allstate* arose when a trial court entered a pre-trial order prohibiting Allstate from contesting the reasonableness and necessity of medical expenses at trial after its controverting affidavit failed. The [Texas Supreme Court] found that the trial court abused its discretion by doing so because it had struck **a substantive component** of Allstate's defense, barring the meaningful adversarial adjudication of the plaintiff's claim for past medical expenses. Thus, [the court] granted Allstate's mandamus writ, explaining that the failure to controvert a plaintiff's affidavit does not constrain the defendant's ability to challenge—through evidence or argument— the claimant's assertion that her medical expenses are reasonable and necessary.

*Delarosa*, 565 F. Supp. 3d at 839 (citing *Allstate*, 622 S.W.3d at 875–83) (other citations and quotations omitted) (emphasis added).

During this time and after, sharp disputes have appeared among the various federal trial courts in Texas. On one side are the judges of the Southern District of Texas, who have gathered around the "emerging consensus" that § 18.001 is "purely procedural" and should not apply in federal court. *Espinoza v. State Farm Mut. Auto Ins. Co.*, 2020 WL 4333558, at *4–5 (S.D. Tex. Jul. 28, 2020) (collecting cases). Joining them in this view are a smattering of respected jurists from the Northern and Western districts. *See, e.g., Bussey v. Singh*, 2022 WL 3691097 (N.D. Tex. Aug. 24, 2022) (Lindsay, J.); *Vidal v. Kroger Texas, LP*, 2021 WL 779076 (N.D. Tex. Feb. 26, 2021) (Ramirez, J.); *Newby v. Kroger Co.*, 2020 WL 3963740 (N.D. Tex. Jul. 11, 2020) (Godbey, C.J.); *Parker v. Sheila*, 2020 WL 1669647 (W.D. Tex. Apr. 3, 2020) (Austin, J.); *Baird v. Shagdarsuren*, 2019 WL 2286084 (N.D. Tex. May 29, 2019) (Boyle, J.); *Holland v. United States*, 2016 WL 11605952 (N.D. Tex. Jul. 21, 2016) (Lindsay, J.).

On the opposite side, holding § 18.001 is substantive in nature is an equally respected group of jurists, made up of the judges of the Eastern District of Texas and others from the Northern and Western Districts. *See, e.g., Delarosa*, 565 F. Supp. 3d at 839 (collecting Eastern District cases); *Chapman v. QuikTrip Corp.*, 2022 WL 4002904 (N.D. Tex. Aug. 31, 2022) (Scholer, J.); *Hutchison v. Gateway Ins. Co.*, 2020 WL 7698819 (W.D. Tex. Jan. 2, 2020) (Farrer, J.); *Cueva v. Allstate Fire and Casualty Ins. Co.*, 2019 WL 10302147 (W.D. Tex. Oct. 22, 2019) (Garcia, J.); *Grover v. Government Employees Ins. Co.*, 2019 WL 2329321 (W.D. Tex. May 31, 2019) (Chestney, J.);[3] *Gorman v. ESA Management, LLC*, 2018 WL 295793 (N.D. Tex. Jan. 4, 2018) (Fitzwater, J.);[4] *Butler v. United States*, 2017 WL 11696361 (N.D. Tex. Jun. 2, 2017) (Lynn, J.); *Cruzata v. Wal-Mart Stores Tex., LLC*, 2015 WL 1980719 (W.D. Tex. May 1, 2015) (Montalvo, J.)

## II.   <u>APPLICABLE LAW</u>

The examination to determine whether § 18.001 applies in federal court begins with the first principle of federal diversity cases: courts are to apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). The first test to ascertain whether a rule is substantive or procedural is found in the Rules Enabling Act, 28 U.S.C. § 2072, wherein the Supreme Court is granted the power, with oversight from Congress, "to prescribe general rules of practice and procedure." However, those rules cannot "abridge,

---

[3] It should be noted that Judge Chestney subsequently amended her view in *Zuniga v. Tri-National, Inc.* 2021 WL 4083411 (W.D. Tex. Sept. 8, 2021).

[4] Like Judge Chestney, Judge Fitzwater subsequently amended his view to bring himself in line with other colleagues in the Northern District of Texas, while noting the continued disagreement between the district courts. *Jones v. QuikTrip Corp.*, 2020 WL 6149967 (N.D. Tex. Oct. 20, 2020).

enlarge or modify any substantive right." *Id.* If a federal rule of procedure is applicable, it governs, "unless it exceeds statutory authorization or Congress's rulemaking power." *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

In other words, Supreme Court precedent and statutory text, as relayed in *Delarosa*, can be succinctly stated as asking one, two-part question: does the state rule reflect a substantive policy, or does it reflect a procedural choice that is squarely supplanted by a federal rule of procedure? *Chapman*, 2022 WL 4002904, at *1; *Delarosa*, 565 F. Supp. 3d at 840–41; *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995); *see also Vansill v. Dollar Tree Stores*, 520 F. Supp. 3d 847, 849–50 (E.D. Tex. 2021). To determine whether a rule is a substantial policy choice, courts look to the jurisprudence of the state's highest court. *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999).

## III.   ANALYSIS

### a.   Substantive Policy

Many jurists, when considering whether § 18.001 represents a procedural preference or substantive right, have begun and ended their analysis of the question with the "purely procedural" quotation from *Haygood*. 356 S.W.3d at 397. Indeed, Defendants lean heavily on it in their brief. (ECF 52 at 8). This analysis, though facially correct, may stop a step or two short of the Supreme Court's directions. Noting that it is "immaterial" whether state statutes are characterized, by their term, as substantive or procedural, the Supreme Court has directed courts to ensure the outcome of federal diversity cases are consistent with those in state courts, "so far as legal rules determine the outcome of a litigation…" *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). To that end, the Court instructed the examination should not focus on "abstractions" of substance and

procedure, instead taking care to ensure federal litigation proceeds similarly and with appropriate respect for state laws. *Id.*

The question of whether § 18.001 should be applied in federal court can perhaps best be framed by a consideration of what might happen *if it were not*. Litigants, without a way to adduce their medical expenses quickly and cheaply, would be forced to call treating physicians or billing managers as trial witnesses, the costs for which would rapidly add up. The end result of this would be a two-tiered justice system, where certain plaintiffs are "priced out" of the federal judiciary. *Vansill*, 520 F. Supp. 3d at 853. Or, worse, plaintiffs would be forced into settling on inferior terms because a defendant removed their case. *Id.* It is antithetical to our system that defendants would be able to hold up plaintiffs for a potentially significant portion of the settlement value of their case simply because of removal.

It stands to reason then, that under the direction of *Guaranty Trust*, disallowing the affidavits would result in the inequitable administration of justice and interfere with a substantive state right to recover, an outcome the Supreme Court prohibited. Accordingly, the Court finds § 18.001 is substantive in nature[5] and thus applicable in federal court, making it a "rare evidentiary rule which [is] so bound up with state substantive law that it must be applied in federal court."[6] *Peals v. QuikTrip Corp.*, 511 F. Supp. 3d 770, 780 (E.D Tex. 2021).

---

[5] The Texas Supreme Court implicitly acknowledged that, at the very least, § 18.001 has profound substantive aspects when, in *Allstate*, it reversed the trial court's disallowance of Allstate's rebuttal affidavits as unfairly limiting a "substantive" portion of its defense. *Allstate*, 622 S.W.3d at 875–83.

[6] Further supporting this conclusion is the Fifth Circuit's instruction to lower courts that they are to "refer to state law for the kind of evidence that must be produced…" *Wackman v. Rubsamen*, 602 F.3d 391, 400 (5th Cir. 2010). Judge Lynn of the Northern District of Texas has also articulated this view. *Butler*, 2017 WL 11696361, at *2 (citing *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004).

### b.  **Federal Rules**[7]

Defendants here offer two rules with which they believe § 18.001 directly collides: Federal Rule of Evidence 802 and Federal Rule of Civil Procedure 43. (ECF 52 at 4). Federal Rule of Evidence 802 prohibits the admission of hearsay testimony subject to the applicability of one or more of the various exceptions or exclusions found in various other rules. The Rules define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of a matter asserted in the statement." FED. R. EVID. 801(c)(1–2). This rule is designed to safeguard the judicial process from unreliable testimony and evidence – the concern at the heart of Defendants' arguments. 2 McCormick On Evid. § 245 (8th ed.).

However, space was built into the prohibition of hearsay in the form of Rule 807, which allows for the introduction of what would traditionally be considered hearsay if it has sufficient guarantees of trustworthiness and is more probative than other available evidence obtained through reasonable efforts. FED. R. EVID. 807(a)(1). The existence of this escape valve alone is enough to conclude that Rule 802 does not squarely supplant § 18.001. When the analysis is carried forward, though, that becomes all the more clear. The Texas Supreme Court acknowledged in *Gunn* that evidence produced under § 18.001 is reliable, *Vansill*, 520 F. Supp. 3d at 852–53 (citing *Gunn*, 554 S.W.3d at 673–74), so the question then becomes whether it is more probative than other evidence a party can obtain through reasonable efforts. The answer there is undoubtably yes. As

---

[7] Because the Court concludes § 18.001 is substantive in nature, it is applicable in federal court. However, for completeness, the Court includes a discussion on its collision with the federal rules.

Judge Truncale noted, there are two options available to plaintiffs when it comes to proving their medical damages, affidavits or experts. *Delarosa*, 565 F. Supp. 3d at 837. Experts are, to be sure, the far more expensive option. Requiring plaintiffs to produce expert witnesses where affidavits would suffice would represent a monetary burden that many litigants can ill afford. *Vansill*, 520 F. Supp. 3d at 853 (noting the "enormous" savings afforded by § 18.001 and collecting cases detailing high expert fees incurred, in the tens of thousands of dollars, sometimes more.). The Court concludes, therefore, that § 18.001 affidavits meet the residual exception found in Federal Rule of Evidence 807 in that they represent a reliable mode of evidence and are more probative than other evidence reasonably available for reasons of cost.

Defendants' arguments as to Rule 43 of the Federal Rules of Civil Procedure are another matter entirely. Rule 43 requires witness testimony at trial to be taken in open court, subject to limited exceptions, none of which are applicable here. For that reason, the Court finds Rule 43 of the Federal Rules of Civil Procedure does squarely supplant § 18.001. If § 18.001 did not amount to substantive Texas law, this would bar its use in federal court.[8]

## IV.   CONCLUSION

Defendants' Motion to Strike Plaintiff's Affidavits is DENIED. However, the Court finds the Motion presents a controlling question of law as to which there is substantial ground for

---

[8] Trial courts should bear in mind, though perhaps not give weight to, the practical effects of disallowing §18.001 affidavits. When evidence of medical expenses can be introduced in a quick, clean way, it not only promotes judicial economy, but also the fairness of the trial itself. Subjecting jurors to hour upon hour of dry testimony on the finer points of medical billing will inevitably sap their interest in a case. While they need not be *entertained* by a trial in which they sit, *boring* them will, as any trial lawyer knows, will likely produce muddled and unjust verdicts.

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation such that Defendants are entitled to petition the Fifth Circuit **within 10 days** for permission to seek interlocutory review of this decision under 28 U.S.C. § 1292(b).[9]

       IT IS SO ORDERED.

       ENTERED June 14, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[9] Defendants are directed to inform the Court **within 10 days** of any decision by the Fifth Circuit as to whether to grant the petition for review, should they seek one.