IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO

| | | |
|---|---|---|
| LOHYNE DUPLESSIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-234-BR |
| | § | |
| HARPREET SINGH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are Motions for Summary Judgment, Memoranda of Support, and Appendices of Support filed by Defendants Marlisa Garst and Hobby Lobby Stores (ECF 78, 79, 80), Jorawar Transport and Harpreet Singh (ECF 81, 82, 83), and Gurmukh Singh (ECF 84). Plaintiff filed a consolidated response to these Motions, a Memorandum of Support, and an Appendix in Support. (ECF 85, 87, 88). Defendants filed replies and an additional Appendix of Support. (ECF 100-103). Having considered all of the above, this Order disposes of all three Motions.

## I.   BACKGROUND

The Court draws its factual background from the parties' pleadings, briefs, and appendices, and generally presents facts in the light most favorable to Plaintiff. This section does not, however, represent the Court's findings.

This claim, brought by Plaintiff Lohyne Duplessis ("Duplessis" or "Plaintiff," herein), arises out of a collision between multiple commercial motor vehicles that occurred on the morning of March 17, 2021, in poor weather conditions, i.e., ice, snow, and limited visibility. (ECF 68 at 3). When the collision occurred, all parties were traveling eastbound in their respective tractor-trailers on IH-40, which has two eastbound lanes separated from the two westbound lanes by a grassy

1

median. Defendant driver Marlisa Garst ("Garst"), driving for Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby"), was operating a tractor trailer in the rightmost eastbound lane when the truck in front of Garst slowed. (ECF 79 at 2). Garst, in response, quickly decelerated and veered to the right, partially into the improved shoulder, to avoid a collision. (*Id.*). Garst ultimately came to a stop, straddling the rightmost lane and the improved shoulder. (*Id.*). Defendant Walter Ray Cox ("Cox"), driving for Central Market Transport, was traveling eastbound immediately behind Garst, and swerved from the right-hand lane through the left-hand lane and into the left-hand shoulder upon recognizing that traffic was stopped in front of him. (ECF 84 at 2; ECF 68 at 3). Plaintiff was following immediately behind Defendant Cox. (ECF 68 at 3). Plaintiff's vehicle did not contact Cox's vehicle. (*Id.*). After seeing Cox swerve to avoid the stopped traffic, Plaintiff slowed, but was unable to avoid a collision with Garst's vehicle, which was stopped straddling the rightmost eastbound lane and the improved shoulder. (*Id.* at 3-4). Defendant Gurmukh Singh ("Gurmukh"), driving a vehicle leased from Freon Trucking, LLC, was following immediately behind Plaintiff, and struck Plaintiff's vehicle from behind after Plaintiff collided with Garst. (*Id.* at 4). At the same time, Defendant Harpreet Singh ("Harpreet"), driving for Jorawar Transport, LLC, was traveling in the left-hand lane next to Plaintiff's vehicle. (*Id.* at 3). After Cox swerved from the right-hand lane through the left-hand lane in front of Harpreet, Harpreet traveled into the left-hand shoulder behind Cox and contacted a non-party's trailer. (*Id.*). Harpreet's vehicle did not come into contact with Plaintiff's vehicle. (*Id.*).

## II.   LEGAL STANDARD

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1). A fact

is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To demonstrate a genuine issue of material fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to resolve issues of material fact in its favor. *Anderson*, 477 U.S. at 249. When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Courts in this circuit "hesitate to resolve negligence actions at summary judgment." *Haargaard v. Harris Cnty.*, 35 Fed. App'x 388, at *2 (5th Cir. 2002); *see Zimzores v. Veterans Admin.*, 778 F.2d 264, 267 (5th Cir. 1985) ("It is extremely rare that the issue of negligence can be properly disposed of by summary judgment.").

The moving party initially bears the burden of demonstrating the absence of a genuine issue of material fact. *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). Where a cause of action consists of multiple elements, the movant may show that the non-movant is incapable of establishing one essential element of the offense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The non-moving party, in response, must then "set forth specific facts showing a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Ultimately, "[w]hen a party bears the burden of proof of an essential element and that party fails to make a showing sufficient to establish the existence of the essential element there is no dispute of material fact regarding the essential element and it is proper to grant summary judgment against the party with the burden of proof." *Fractus, S.A. v. ZTE Corp.*, No. 3:18-CV-2838-K, 2019 WL

5267426, at *4 (N.D. Tex. Oct. 16, 2019).

## III.   ANALYSIS

### A.  Gross Negligence

Plaintiff brings claims for traditional gross negligence against Defendant drivers, Gurmukh, Garst, and Harpreet.[1] Gross negligence is defined as "an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." Tex. Civ. Prac. & Rem. Code § 41.001(11).

Acts that support a finding of ordinary negligence—such as failing to obey traffic laws—are insufficient to support a finding of gross negligence; rather, the driver's actions "must be considerably more extreme…often involving multiple conscious acts or omissions." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016). Texas federal courts have found that a driver's excessive speed, "failure to keep control, mechanical defects, known traffic hazards, driving in a residential or heavily populated area, and poor visibility," when taken together, are sufficient to support a finding of gross negligence. *Gallagher v. Lucas*, No. SA-20-CV-00072-FB, 2020 WL 7385844, at *10 (W.D. Tex. Dec. 16, 2020), *report and recommendation adopted*, No. CV SA-20-CA-72-FB, 2021 WL 1123643 (W.D. Tex. Jan 12, 2021); *see Partida Aranda v. YRC Inc.*, No. 3:18-cv-0494-D, 2019 WL 2357528 (N.D. Tex. June 4, 2019) (finding that a driver's failure to maintain a proper lookout, failure to apply brakes to avoid a collision, and failure to maintain an appropriate distance gave rise to "genuine issues of material fact as to

---

[1] Gross negligence against a corporate entity differs from this analysis and is addressed in a later section. *See* discussion *infra* Sections III.C, III.D.

whether the defendant's conduct rose to the level of gross negligence that can only be resolved by a jury"). "The primary difference between gross and ordinary negligence is the mental state of the defendant—conscious indifference—which justifies the imposition of exemplary damages for gross negligence." *Jezek v. R.E. Garrison Trucking, Inc.*, 637 F. Supp. 3d 445, 450 (N.D. Tex. 2022); *see McDorman ex rel. Connelly v. Texas-Cola Leasing Co.*, 288 F. Supp. 2d 796, 810 (N.D. Tex. 2003) ("The plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated that he did not care."). Circumstantial evidence of actual knowledge must support the conclusion that the individual "had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others." *Gonzalez v. Inter Mexicana De Transporte S.A. De C.V.*, No. 5:19-CV-156, 2021 WL 5155703, at *21 (S.D. Tex. Sept. 10, 2021). When a plaintiff fails to establish either element of gross negligence, the court "need not further consider" the remaining element, and the claim is to be dismissed. *Rollins v. Calderon*, No. B:17-cv-244, 2019 WL 4581439 (S.D. Tex. May 20, 2019) (citing *Medina v. Zuniga*, 593 S.W.3d 238, 250 (Tex. 2019) (noting, on appeal from a jury trial, that because there was no evidence supporting the objective component of gross negligence, the court did not need to consider the subjective element)).

1. Gurmukh Singh

Gurmukh was traveling immediately behind Plaintiff when Plaintiff collided with the vehicle in front of them; Gurmukh then struck Plaintiff's vehicle from behind. (ECF 87 at 11). Plaintiff alleges that, because there was less than one second between Plaintiff's collision with the vehicle in front of them and Gurmukh's collision with Plaintiff's vehicle, Gurmukh "[t]ailgating an 18-wheeler, while operating an 18-wheeler in snowy and icy conditions, at speeds greater than reasonable under the circumstances" "involves an extreme degree of risk." (*Id.* at 12). Gurmukh

moves only on the gross negligence claims, asserting that there is no evidence of an extreme risk of harm due to his driving, and that he did not have an actual awareness of extreme risk created by the conduct. (ECF 84 at 5-6). Looking first to the objective prong, Texas courts have denied motions for summary judgment on gross negligence claims where multiple acts or omissions by a defendant resulted in an extreme degree of risk. *See Partida Aranda v. YRC Inc.*, No. 3:18-cv-0494-D, 2019 WL 2357528 (N.D. Tex. June 4, 2019) (denying a motion for summary judgment where the driver did not maintain a proper lookout, failed to apply brakes, and failed to maintain appropriate distance); *see also Gallagher v. Lucas*, No. SA-20-CV-00072-FB, 2020 WL 7385844 (W.D. Tex. Dec. 16, 2020), *report and recommendation adopted*, No. CV SA-20-CA-72-FB, 2021 WL 1123643 (W.D. Tex. Jan 12, 2021) (denying a motion for summary judgment where there was excessive speed, failure to keep control, mechanical defects, known traffic hazards, driving in a residential/heavily populated area, and poor visibility). Here, Plaintiff asserts that multiple acts or omissions of Gurmukh—failure to maintain proper distance and failure to maintain proper speed when weather conditions and visibility were poor and both parties were operating eighteen-wheelers—resulted in an extreme degree of risk; thus, Plaintiff argues he has established a question of material fact as to this prong. (ECF 87 at 11).

Moving next to the subjective prong, Plaintiff asserts that Gurmukh's testimony that he was paying close attention to the road establishes subjective awareness of the risk of failing to maintain a proper distance, when paired with the fact that Gurmukh's vehicle collided with Plaintiff's vehicle less than a second after Plaintiff's initial collision with the vehicle immediately in front of them. (ECF 87 at 11). Gurmukh is a professional truck driver, who was aware of the need to maintain adequate speed and to leave an adequate following distance between eighteen-wheelers, particularly in the weather conditions present on the day of the collision. (ECF 102 at 7-8).

> If the jury found that an experienced truck driver who was generally aware of his rate of speed, the weight of his vehicle and load, the stopping distance required at that speed, and the damage his large tractor-trailer would inflict on a much smaller vehicle and its occupants, had intentionally chosen for a period of 14 to 20 seconds to read a map rather than monitor the roadway, it could also find circumstantially that he had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others.

*Perez Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095-D, 2004 WL 1490304, at *3 (N.D. Tex. June 30, 2004) (Fitzwater, J.); *see also Fernandez v. Transp. Designs, Inc.*, No. SA-16-CA-022-OLG, 2017 U.S. Dist. LEXIS 71609, at *12 (W.D. Tex. Feb. 28, 2017) ("Plaintiffs offer evidence that Defendant… did not maintain a proper look out prior to the accident… failed to apply his breaks [sic] to avoid the collision and… did not maintain an appropriate distance… Thus… there are genuine issues of material fact as to whether [Defendant's] conduct [constitutes] gross negligence."). Here, where Gurmukh's actions involved numerous acts or omissions of which he was aware, and as a licensed truck driver, he arguably understood the risks of that conduct, a reasonable jury could find that Gurmukh was aware of an extreme risk created by the conduct at issue. *Compare Rallins v. Calderon*, No. B: 17-cv-2442019, 2019 U.S. Dist. LEXIS 162063 (S.D. Tex. May 20, 2019) (finding no gross negligence where defendant reversed his trailer in the middle lane of traffic on a clear day, honking his horn and proceeding at a low rate of speed) *with USA Truck, Inc. v. West*, 189 S.W.3d 904, 906 (Tex. App.—Texarkana 2006, pet. denied) (finding gross negligence where, at night, on a stretch of highway immediately following a curve, defendant blocked all four lanes of traffic with a trailer, where oncoming drivers would not have sufficient time to see the trailer or brake to avoid a collision).

Ultimately, Plaintiff has raised a question of fact on both the objective and subjective prongs, and Gurmukh's Motion for Summary Judgment as to gross negligence is denied.

2. <u>Marlisa Garst</u>

Garst was driving in front of Plaintiff, and came to a stop straddling the rightmost lane and the improved shoulder, blocking Plaintiff's path forward into any open space. Plaintiff collided with Garst from behind. Plaintiff asserts that Garst failed to control her speed, followed too closely to the vehicle in front of her, failed to keep a proper lookout, and failed to brake. (ECF 68 at 6). Garst asserts that there was no extreme degree of risk created by her conduct, and that she did not have actual, subjective awareness of any risk involved. (ECF 79 at 8). First, regarding the objective prong, Plaintiff points to multiple acts or omissions—failure to control speed, following too closely, failure to keep a proper lookout, and failure to brake, all in snowy conditions with limited visibility—that together result in an extreme degree of risk created by Garst's conduct. (ECF 68 at 6); *see Partida Aranda v. YRC Inc.*, No. 3:18-cv-0494-D, 2019 WL 2357528 (N.D. Tex. June 4, 2019) *and Gallagher v. Lucas*, No. SA-20-CV-00072-FB, 2020 WL 7385844 (W.D. Tex. Dec. 16, 2020), *report and recommendation adopted*, No. CV SA-20-CA-72-FB, 2021 WL 1123643 (W.D. Tex. Jan 12, 2021). As discussed above, Plaintiff has successfully established a question of material fact as to the objective prong under the applicable standard.

With regard to the subjective prong, a reasonable jury could find, based on the facts presented by the Plaintiff, that Garst's actions involved numerous acts or omissions of which she was aware, and also that she understood the risks of that conduct. *See generally Perez Librado v. M.S. Carriers, Inc.*, No. CIV.A.3:02-CV-2095-D, 2004 WL 1490304, at *3 (N.D. Tex. June 30, 2004) (finding that a truck driver's general awareness of his speed and required stopping distance, among other factors used to satisfy the objective prong, can themselves provide circumstantial evidence of actual knowledge satisfying the subjective prong). A reasonable jury could find that the circumstantial evidence presented by the Plaintiff regarding Garst's knowledge of the risks of her

conduct satisfy the subjective prong's standard. *Compare Rallins v. Calderon*, No. B: 17-cv-2442019, 2019 U.S. Dist. LEXIS 162063 (S.D. Tex. May 20, 2019) (finding no gross negligence where defendant reversed his trailer in the middle lane of traffic on a clear day, honking his horn and proceeding at a low rate of speed) *with USA Truck, Inc. v. West*, 189 S.W.3d 904, 906 (Tex. App.—Texarkana 2006, pet. denied) (finding gross negligence where, at night, on a stretch of highway immediately following a curve, defendant blocked all four lanes of traffic with a trailer, where oncoming drivers would not have sufficient time to see the trailer or brake to avoid a collision).

Plaintiff has raised a question of fact on both the objective and subjective prongs, and Garst's Motion for Summary Judgment is denied as to Plaintiff's gross negligence claim.

### 3. Harpreet Singh

Harpreet was traveling eastbound in the leftmost lane, while Plaintiff was traveling eastbound in the rightmost lane. Plaintiff asserts that if Harpreet had not been speeding in the leftmost lane, Plaintiff would have been able to avoid a collision by veering into that lane, but was unable to do so. (ECF 87 at 10-11). First, in analyzing the objective prong, the record demonstrates that Plaintiff has provided sufficient evidence to create a genuine issue of material fact. Caselaw in Texas has established that speeding, when combined with other factors like icy road conditions, limited visibility, slow traffic in the adjacent lane, as well as the fact that the parties are driving eighteen-wheelers, supports a finding of a genuine dispute of material fact as to the objective prong. *See Partida Aranda v. YRC Inc.*, No. 3:18-cv-0494-D, 2019 WL 2357528 (N.D. Tex. June 4, 2019) (finding that a reasonable jury could infer that the defendant was driving dangerously fast in light of the slow pace of traffic to the right and the presence of debris in the roadway, given the probability and magnitude of the potential harm to others); *see also Perez Librado v. M.S. Carriers, Inc.*, No. CIV.A.3:02-CV-2095-D, 2004 WL 1490304, at *3 (N.D. Tex. June 30, 2004) (Fitzwater,

J.) (holding that evidence was sufficient to create genuine issue of material fact as to whether defendant acted with gross negligence when "operat[ing] a tractor-trailer in an area that include[d] controlled intersections, at a speed of 56 to 58 miles per hour, while intentionally failing to observe the roadway for a period of perhaps 14 to 20 seconds").

As to the subjective prong, Plaintiff provides guidance from the Federal Motor Carrier Safety Administration, which advises that drivers should operate their vehicles roughly 8-20 miles per hour slower than Harpreet was traveling when driving in the weather conditions present on the day of the collision. (ECF 87 at 10-11); *see Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1003 (5th Cir. 1998) (noting that "failure to comply with a regulation may still provide evidence that the defendant deviated from the applicable standard of care."). This provides some circumstantial evidence that Harpreet was aware of the risk of harm involved in traveling at higher speeds in the subject weather conditions. *See Perez Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *3 (N.D. Tex. June 30, 2004) (Fitzwater, J.) ("If the jury found that an experienced truck driver who was generally aware of his rate of speed [and] the stopping distance required…had intentionally chosen [not to] monitor the roadway, it could also find circumstantially that he had actual, subjective awareness of the risk."). A reasonable juror could therefore infer from the circumstantial evidence presented that Harpreet was subjectively aware of the risk of harm created by the conduct at issue.

Accordingly, Plaintiff has raised a fact issue on both the objective and subjective prongs, and Harpreet's Motion for Summary Judgment is denied as to Plaintiff's claims of gross negligence.

B.  Ordinary Negligence

A finding of ordinary negligence requires "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Partida Aranda v. YRC Inc.*, No. 3:18-cv-0494-

D, 2019 WL 2357528 (N.D. Tex. June 4, 2019) (quoting *HIS Cedars Treatment Ctr. Of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). Under Texas law, motorists have a duty to act with "the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others." *Posada v. Lozada*, No. 08-22-00101, 2023 WL 5671449 (Tex. App.—El Paso Sept. 1, 2023, no pet. h.). Whether an individual has breached this duty of ordinary care is a question of fact. *Id.* To satisfy proximate causation, a plaintiff must show both cause in fact and foreseeability. Cause in fact requires that the act or omission is a "substantial factor in bringing about the injury, without which the harm would not have occurred." *Gonzalez v. Inter Mexicana De Transporte S.A. De C.V.*, No. 5:19-CV-156, 2021 WL 5155703, at *2 (S.D. Tex. Sept. 10, 2021). For an injury to be foreseeable, "a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission." *Id.*

1. Marlisa Garst

Plaintiff asserts that Garst breached her duty of ordinary care by coming to a stop straddling the eastbound rightmost lane and the improved shoulder, positioning her vehicle such that Plaintiff could not avoid a collision. (ECF 87 at 5). Garst simply states that she did not breach any duty owed to Plaintiff; Garst does not move for summary judgment on the element of causation[2] or damages. (ECF 79 at 4). Garst asserts that she did not pull completely onto the shoulder because of the snowy and icy conditions, and did not stop fully in the right-hand lane because her vehicle started to slide on the ice and she was attempting to avoid the vehicle in front of her. (ECF 100 at

---

[2] Although Garst and the Plaintiff do not discuss the element of causation, the Court notes that the record demonstrates a question of fact as to the issue of causation. *See Posada v. Lozada*, No. 08-22-00101-CV, 2023 WL 5671449 (Tex. App.—El Paso Sept. 1, 2023, no pet. h.) ("[T]he record presented more than a scintilla of evidence from which a jury could conclude, as a trier of fact, that the collision would not have occurred but for Lozada's truck blocking both lanes of traffic, and such evidence established a logically traceable connection between Lozada's negligence and Posada's injuries and damages.").

1-2). Texas courts have held that where a driver stops a tractor-trailer and blocks multiple lanes of traffic, "a jury could conclude as the trier of the facts that [the driver] failed to use ordinary care in his driving of his tractor-trailer truck under the circumstances." *Posada v. Lozada*, No. 08-22-00101-CV, 2023 WL 5671449, at *14-15 (Tex. App.—El Paso Sept. 1, 2023, no pet. h.) (denying a motion for summary judgment where the driver of a tractor-trailer came to a stop blocking both lanes of traffic, and the plaintiff collided with the truck from behind). It follows then, that Plaintiff has raised a genuine issue of material fact as to whether Garst breached her ordinary duty of care to Plaintiff by bringing her vehicle to a stop straddling the rightmost lane of traffic and the improved shoulder.

Thus, Garst's Motion for Summary Judgment on Plaintiff's ordinary negligence claim is denied.

2. <u>Harpreet Singh</u>

Harpreet contests Plaintiff's claim of ordinary negligence based only on the fact that he "did not make contact with Plaintiff's tractor trailer and did not cause the accident on which this suit is based, disposing of all of the… elements [of ordinary negligence] in [his] favor." (ECF 83 at 4). However, the absence of physical contact between the two vehicles does not itself defeat the elements of negligence, particularly cause-in-fact and foreseeability. Texas courts have held that "the defendant's car need not collide… to be 'involved' in an accident. Rather, if the defendant causes an accident, then the defendant is 'involved' in that accident, even if his car does not physically collide with others involved in the accident." *Gillie v. State*, 181 S.W.3d 768, 771 (Tex. App.—Waco 2005, pet. ref'd). First, looking to duty, Texas courts have interpreted the duty of ordinary care imposed on drivers to incorporate "a duty to maintain a safe speed (i.e., to drive neither to [sic] fast or too slow), and a duty to maintain 'sufficient control' of one's vehicle so as

to avoid collisions with others, a duty not to impede the flow of traffic." *Rodriguez v. Transportes De Carga FEMA, S.A. de C.V.*, No. 5:18-CV-114, 2020 WL 6938330 (S.D. Tex. Sept. 30, 2020) (citing *Duarte v. St. Paul Fire and Marine Ins. Co.*, No. EP-14-CV-305-KC, 2016 WL 4257752, at *6 (W.D. Tex. Mar. 29, 2016)). A reasonable juror could find that, here, Harpreet traveling between 58-63 miles per hour was a breach of the ordinary duty of care owed to other drivers on the road, considering the fact that Harpreet was driving an eighteen-wheeler, in snowy and icy conditions, and traffic in the right-hand lane had slowed and was stopped ahead due to prior collisions. (ECF 87 at 9-11). Plaintiff further asserts that Harpreet's breach of the ordinary duty of care blocked an escape lane to the left, preventing Plaintiff from veering into the left-hand lane to avoid a collision with Defendant Garst. (*Id.*). Here, Plaintiff has asserted a genuine dispute of material fact as to breach of duty.

In *Bower*, the court found that evidence that appellant "was driving too fast for the road conditions and was speeding" supported a finding of negligence, when he was passing a vehicle in rainy conditions and his tire blew out, spinning him into the car in the left-hand lane. *Bower v. Processor & Chem. Serv., Inc.*, 672 S.W.2d 30, 31 (Tex. App.—Houston [14th Dist.] 1984, no writ). The court affirmed a finding by the trial court that the appellant's negligent acts—driving too fast in poor weather conditions—were the "sole proximate cause of the collision resulting in damages to appellee." *Id.* Here, although there are more factors involved and Harpreet did not make contact with Plaintiff's vehicle, a reasonable juror could still find that the collision would not have occurred but for Harpreet's speeding in the left lane. A "logically traceable connection" between Harpreet's claimed negligence and Plaintiff's alleged damages may exist based on the alleged facts. *See Partida Aranda*, 2019 WL 2357528.

Plaintiff has raised a fact question as to breach of duty and causation, so Harpreet's Motion for

Summary Judgment on the ordinary negligence claim is denied.

C. Negligent Entrustment & Negligent Hiring

Plaintiff brings claims of negligent entrustment, negligent hiring, supervision, retention, and training, negligent entrustment, and negligence *per se*[3] against Hobby Lobby and Jorawar Transport. (ECF 87 at 6). Hobby Lobby moved for summary judgment on the claims of negligent hiring, training, supervision, and retention, and on the claim of negligent entrustment. (ECF 79 at 4-5). Jorawar Transport moved for summary judgment on "all of Plaintiff's claims." (ECF 81 at 1).

To prevail on a claim of negligent entrustment, a plaintiff must show "(1) entrustment of the vehicle by its owner or custodian, (2) to an incompetent driver, (3) that the owner knew or should have known was unlicensed, incompetent, or reckless, (4) that the driver was negligent, and (5) the driver's negligence proximately caused the accident." *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2020 WL 208815, at *19 (N.D. Tex. Jan. 14, 2020) (quoting *McDorman ex rel. Connelly v. Texas-Cola Leasing Co.*, 288 F. Supp. 2d 796 (N.D. Tex. 2003)). "For entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987). Although "[p]roof of only one previous traffic violation and of two previous moving violations or traffic accidents within a two-year period is probably insufficient," *McDorman*, 288 F. Supp. 2d at 807, "proof of seven citations for moving traffic violations in the span of three years is some evidence that a driver is reckless and incompetent." *Mireles v. Ashley*, 201 S.W.3d 779, 783-84 (Tex. App.—Amarillo 2006, no

---

[3] With regard to negligence *per se*, Plaintiff references these claims in his opposition, (ECF 87 at 6), but none of the parties discuss these claims with any particularity. Therefore, to the extent that it could be argued that any of the Defendants moved for summary judgment on Plaintiff's claims of negligence *per se*, their motions are DENIED.

pet.).

An employer may be held liable for negligent hiring, retention, supervision, or training when "the employer's direct negligence in hiring or retaining an incompetent employee whom the employer knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Garcia v. Hospice of El Paso*, No. EP-02-CA-268-DB, 2003 WL 21961177, at *5 (W.D. Tex. May 20, 2003). To prevail on this claim, a plaintiff must show that there was a duty owed, a breach of that duty, and injury proximately resulting from the breach. *McDorman ex rel. Connelly v. Texas-Cola Leasing Co.*, 288 F. Supp. 2d 796 (N.D. Tex. 2003). Generally, "[a]n employer owes a duty… to the general public to ascertain the qualifications and competence of the employees it hires… [and] a defendant clearly has a duty to the driving public to employ competent drivers." *Id.* at 804. A plaintiff must also show proximate cause, which includes cause-in-fact and foreseeability. *Id.* Where an injury may be reasonably anticipated from the defendant's negligence, that injury is foreseeable. *Id.* The plaintiff must show that there is a "nexus" between the past performance of the driver and the collision at issue. *Partida Aranda*, 2019 WL 2357528. Plaintiff must present prior incidents by the driver that are "related to the accident at issue, frequent, and recent." *Id.* at *5 (quoting *Sanchez v. Swift Transp. Co. of Ariz.*, No. PE:15-CV-00015-RAJ, 2016 WL 10587126, at *9 (W.D. Tex. June 14, 2016)).

1. Hobby Lobby

Hobby Lobby moves for summary judgment on Plaintiff's claim that it negligently entrusted a motor vehicle to Garst.[4] Hobby Lobby, however, argues that there is no evidence that Garst was

---

[4] Jorawar Transport in its Motion for Summary Judgment makes a broad statement that summary judgment is "sought on all of the Plaintiff's claims." (ECF 81 at 1). Jorawar proceeds to articulate the elements of gross negligence that apply to claims against an *individual*, but does not discuss the elements of negligent entrustment or the elements of negligent hiring, training, retention, and supervision. (ECF 83 at 3-5). Although the movant may point to the lack of

15

an unlicensed, incompetent, or reckless driver. (ECF 79 at 6). Plaintiff has provided evidence showing that Hobby Lobby received documentation from two previous employers detailing Garst's history of motor vehicle crashes and brief employment with another employer ending in termination for cause. (ECF 87 at 7-8). Hobby Lobby was aware that Garst had been fired from Swift Transportation after eleven months of employment and had six separate accidents/incidents in that time. (*Id.*). Hobby Lobby also learned that Garst had been fired after three months of working for Western Express, and was marked "Not Rehireable" by that company. (*Id.*). Hobby Lobby, however, asserts that this does not rise to the level necessary to raise a question of material fact. (ECF 79 at 6).

There is no bright line under Texas law suggesting exactly how many prior violations or incidents are sufficient to create an issue of material fact. Although three incidents in two years may not provide the requisite proof of recklessness or incompetence, six accidents/incidents in under a year and being fired for cause by that employer, and being fired and marked as "Not Rehireable" by another employer, seem to satisfy the standard, or at least raise a question for the finder of fact. *Compare McDorman ex rel. Connelly v. Texas-Cola Leasing Co.*, 288 F. Supp. 2d 796 (N.D. Tex. 2003) (granting the motion for summary judgment where there was proof of three incidents/accidents within two years) *with Mireles v. Ashley*, 201 S.W.3d 779, 783-84 (Tex. App.—Amarillo 2006, no pet.) (denying the motion for summary judgment where there was proof of seven citations for moving violations in three years). Here, the conduct exhibited by Garst falls closer to the conduct identified in *Mireles* as sufficient to create a genuine dispute of material fact

---

"evidence to support a *specific element* of the nonmovant's claim," "it is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." *Glover v. Walmart Stores Tex., LLC*, No. 9:19-CV-00058, 2020 WL 5745811, at *5 (E.D. Tex. Aug. 7, 2020) (emphasis in original) (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993). Because Jorawar "does not show the lack of evidence, nor point out the specific elements that are missing," Defendant has failed to meet its summary judgment burden.

as to whether the driver is reckless or incompetent, and the Court finds that a genuine dispute of material fact does exist.

Addressing Plaintiff's allegations of negligent hiring, training, retention, and supervision, Hobby Lobby claims that it has not breached a duty to Plaintiff, and that there is no evidence that any alleged breach was a proximate cause of Plaintiff's damages. (ECF 79 at 6). Given the facts above, the Court finds that Plaintiff has raised a question of material fact as to whether Hobby Lobby breached its "duty… to the general public to ascertain the qualifications and competence of the employees it hires… [and]… to the driving public to employ competent drivers." *McDorman*, 288 F. Supp. 2d at 804. Because Hobby Lobby was aware of Garst's prior incidents and firings, Hobby Lobby may have breached these duties of care in its hiring, training, and supervision of Garst. (ECF 87 at 7-9). To satisfy causation, the Plaintiff must show that Defendant's alleged negligence both proximately caused Plaintiff's injury, and that the damage was foreseeable. Here, Garst's prior incidents were "related to the accident at issue, frequent, and recent." *Partida Aranda*, 2019 WL 2357528 (quoting *Sanchez*, 2016 WL 10587126). These incidents occurred less than ten years ago, were all moving or stationary accidents or traffic violations, and were fairly frequent. (ECF 87 at 7-9). Therefore, there is a "nexus" present between the past performance of the driver— which Hobby Lobby was aware of—and the incident at issue. An injury of the kind before the Court may be reasonably anticipated from the Defendant's alleged negligence in not training and supervising Garst, satisfying the foreseeability element of causation. Ultimately, Plaintiff has raised a genuine dispute of material fact as to Hobby Lobby's negligent hiring, training, and supervision of Garst, and Hobby Lobby's Motion is therefore denied on this issue.

### D.  Corporate Gross Negligence

Plaintiff brings clams of gross negligence against both named corporate entities, Hobby Lobby

and Jorawar Transport. Both parties moved for summary judgment on this claim.[5] "A corporation may be liable in punitive damages for gross negligence only if the corporation itself commits gross negligence." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). When a corporation authorizes or ratifies an agent's gross negligence or if it is grossly negligent in hiring an unfit agent," it is liable for punitive damages. *Id.*

1. Hobby Lobby

Hobby Lobby asserts that there is no evidence that it authorized or ratified an agent's alleged gross negligence, no evidence that it hired an unfit agent, and no evidence that it committed gross negligence through the actions or inactions of a vice principal. (ECF 100 at 2-3). Essentially, Hobby Lobby stated that it moved for "no-evidence" summary judgment on the claims against it. (*Id.*). In federal cases, "the party moving for summary judgment must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues." *Bank of Am., N.A. v. Fulcrum Enters., LLC*, 20 F. Supp. 3d 594, 602 (S.D. Tex. 2024) (citations omitted). To be sure, while "federal law, clearly contemplates summary judgment in circumstances where there truly is no evidence," it is the movant's burden to bear. *Id.* Hobby Lobby here asserts that its motion with regard to gross negligence of the corporation is a 'no-evidence' motion of the type typical in Texas state courts. Such motions are not recognized in federal court. *Id.* Hobby Lobby asserts only that there is "no evidence" of any of the essential elements of Plaintiff's claim. (ECF 100 at 2-3). At the summary judgment stage, "[t]he movant

---

[5] Again, Jorawar Transport makes only broad assertions that Plaintiff has no evidence of corporate gross negligence. (ECF 83 at 3-5). As noted, "it is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." *Glover v. Walmart Stores Tex., LLC*, No. 9:19-CV-00058, 2020 WL 5745811, at *5 (E.D. Tex. 2020); *see supra* Section III.C.1. Again, Jorawar has failed to meet its initial summary judgment burden on these claims.

must inform the court of the basis for the summary judgment motion and must point to relevant [evidence] that demonstrate[s] the absence of genuine factual issues." *Fulcrum Enters., LLC*, 20 F. Supp. 3d at 602. Simply asserting that a defendant has no evidence to support its pled defenses is not adequate. *Greinstein v. Granite Servs. Int'l, Inc.*, No. 2:18-CV-208-Z-BR, 2023 WL 3264049, at *5 (N.D. Tex. May 4, 2023) (Reno, J.) *findings, conclusions, and recommendations adopted by* 2023 WL 2922079 (N.D. Tex. June 9, 2023) (Kacsmaryk, J.); *see also Creekwood Real Est., LLC v. Mount Vernon Fire Ins. Co.*, No. 2:21-CV-188-M-BR, 2023 WL 4938086 (N.D. Tex. June 14, 2023), *findings, conclusions, and recommendations adopted by* 2023 WL 49404149 (N.D. Tex. Aug. 2, 2023) (Lynn, J.). Accordingly, the undersigned declines to comb the record to find support for Hobby Lobby's assertions, when it fails to support those assertions in its Motion. Accordingly, Hobby Lobby's Motion for Summary Judgment as to gross negligence is denied.

## IV.    <u>CONCLUSION</u>

After having considered each of the Defendants' Motions for Summary Judgment, the Court finds the following:

- Marlisa Garst's Motion for Summary Judgment (ECF 78) is DENIED on all grounds;
- Hobby Lobby's Motion for Summary Judgment (ECF 78) is DENIED on all grounds;
- Harpreet Singh's Motion for Summary Judgment (ECF 81) is DENIED on all grounds;
- Jorawar Transport's Motion for Summary Judgment (ECF 81) is DENIED on all grounds;
- Gurmukh Singh's Motion for Partial Summary Judgment (ECF 84) is DENIED on all grounds.

IT IS SO ORDERED.

ENTERED December 19, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE